UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:12-cv-14172-KMM

Gina Battle,

     Plaintiff,

v.

Law Offices of Charles W. McKinnon, P.L.
a Florida Professional Limited Liability Company,
and Charles W. McKinnon, individually,

     Defendants.

_____/

## AMENDED CLASS ACTION COMPLAINT and JURY DEMAND

1.      On behalf of the putitive class, Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). Simply put, Defendants sent a demand letter to Plaintiff and the class, defined herein, which failed to comply with the mandated requirements of §1692g of the aforesaid federal statute.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §1331, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendants do business in this District.

### PARTIES

3.      Plaintiff, Gina Battle ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Indian River County, Florida.

4.      Defendant, Law Offices of Charles W. McKinnon, P.L. ("McKinnon, P.L."), is a Florida Professional Limited Liability Company and law firm engaged in the business of collecting consumer debts, which operates from offices located at 3055 Cardinal Drive, Suite 302, Vero Beach, Florida  32963.

5.      Defendant Charles W. McKinnon ("McKinnon") is an attorney and member of the Florida Bar doing business from offices located at 3055 Cardinal Drive, Suite 302, Vero Beach, Florida  32963 and is engaged in the business of collecting consumer debts.

6.      Defendants regularly use the United States Postal Service and telephone in the collection of consumer debt.

7.       Defendants regularly collect or attempt to collect debts for other parties. Defendants are "debt collectors" as defined in the FDCPA.

8.      Federal Courts have held that dunning letters sent by law firms for an alleged arrearage to condominium or homeowner's associations may fall under the purview of the FDCPA.  *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d, 1361, 1366 (M.D. Fla. 2002).

9.      At all times material to the allegations of this complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

10.     All acts or omissions of McKinnon were within the scope of his employment by McKinnon, P.L. or were otherwise authorized by McKinnon, P.L.

11.     McKinnon, P.L. is vicariously liable for the actions of McKinnon.  *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir.1994).

## FACTUAL ALLEGATIONS

12.      Defendants sought to collect a debt from Plaintiff arising from an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the debt at issue was allegedly incurred to Plaintiff's homeowner's association.

13.      On February 20, 2012, Defendants sent Plaintiff a letter seeking to collect an alleged debt from Plaintiff (the "Demand Letter").

14.      The Defendants' Demand Letter stated that Plaintiff was in arrears for quarterly assessments plus additional fees and costs.

15.      The Defendants' Demand Letter was signed by Charles W. McKinnon.

16.      The Demand Letter included a document entitled "NOTICE IN COMPLIANCE WITH THE FAIR DEBT COLLECTION PRACTICES ACT (THE "ACT"), 15 U.S.C. SECTION 1692." (the "Notice").

17.      The Notice states in part:

> The debt described in the attached letter will be assumed to be valid by the Creditor's Law Firm, unless you, within the thirty (30) days after your receipt of this notice, dispute in writing the validity of the debt or some portion thereof.

18.      A true and correct copy of the Demand Letter is attached hereto as "Exhibit A".

19.      A true and correct copy of the Notice is attached hereto as "Exhibit B."

20.      The alleged debt arises from Plaintiff's ownership of her house which, when purchased, was her primary residence and where she currently resides.

21.      The Demand Letter and Notice was Defendants' first communication with Plaintiff with respect to the debt alleged therein.

22.      Under 15 U.S.C § 1692g(a)(3) the Defendants must provide the Plaintiff with:

[A] statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector...

23.    Defendants' Notice included with Defendants' Demand Letter states the Plaintiff must dispute the debt in writing within 30 days or the debt will be assumed valid by Defendants, in violation of 15 U.S.C. §1692g(a)(3).

24.    Any potential *bona fide* error defense which relies upon Defendants' mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 130 S.Ct. 1605 (U.S. April 21, 2010).

## CLASS ACTION ALLEGATIONS

25.    This action is brought on behalf of a class consisting of (i) all persons with addresses in the state of Florida (ii) to whom letters with the same form as "Exhibit A" which included the Notice in the same form as "Exhibit B" were sent (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) which were not returned undelivered by the U.S. Post Office (v) during the one year period prior to the filing of the original complaint in this action through the date of certification.

26.    Plaintiff alleges on information and belief based upon the Defendants' use of letters in the form of "Exhibit A" with accompanying Notice in the form of "Exhibit B" that the class is so numerous that joinder of all members of the class is impractical.

27.    There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual issue common to each class member is that each was sent a letter in the form of "Exhibit A" with the Notice attached in the form of "Exhibit B".  The principal legal issues are whether Defendants'

Notice in the form of "Exhibit B" violates the FDCPA by requiring the consumer to dispute the validity of the debt in writing in violation of the requirements of the FDCPA.

28.     Plaintiff's claim is typical of those of the class members. All are based on the same facts and legal theories.

29.     Plaintiff will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

30.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

   (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

   (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Ms. Battle requests certification of a class under Rule 23(b)(3), Federal Rules of Civil Procedure, for monetary damages.

## COUNT I
## FAILURE TO PROPERLY NOTIFY PLAINTIFF OF HER RIGHT TO DISPUTE THE DEBT

32.     Plaintiff incorporates Paragraphs 1 through 31.

33.     Defendants' Notice attached to the Demand Letter misstates the applicable legal standard with regard to the need of Plaintiff to dispute the validity of the debt in writing which is

not the requirement as pronounced by section 1692g(a)(3) of the FDCPA. Defendants' Notice attached to the Demand Letter would be deceptive to the least sophisticated consumer with regard to his/her legal rights and therefore violates 15 U.S.C. §1692g(a) as well as 15 U.S.C. §1692e(10).

34.    As a result of Defendants' conduct, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. §1692k.

35.    As a result of Defendants' conduct, Plaintiff is entitled to an award of costs and attorney fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor, and in favor of the class, against Defendants, Law Offices of Charles W. McKinnon, P.L., a Florida Limited Liability Company, and Charles W. McKinnon, an individual, for:

a.    Statutory damages pursuant to 15 U.S.C. §1692k;

b.    Attorney's fees, litigation expenses and costs of the instant suit; and

c.    Such other or further relief as the Court deems proper.


## JURY DEMAND

Plaintiff demands trial by jury.


Dated this 30th day of July, 2012.


Respectfully submitted,

/s/ Leo W. Desmond
LEO W. DESMOND, ESQ.

6

*Attorney for Plaintiff*
Florida Bar No. 0041920
4731 Highway A1A
Vero Beach, FL  32963
Telephone: 772-234-5150
Facsimile:   772-234-5231
lwd@verobeachlegal.com